©COPY

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
OGLE COUNTY

| | |
|---|---|
| JACQUELINE ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 2016 L |
| | ) |
| FAMILY DOLLAR, INC., a domestic corporation; FAMILY | ) |
| DOLLAR STORES, INC., a domestic corporation; FAMILY | ) |
| DOLLAR; FAMILY DOLLAR STORES; DOLLAR TREE, | ) |
| INC., a domestic corporation; DOLLAR TREE STORES, | ) COMPLAINT |
| INC., a domestic corporation; DOLLAR TREE INC., a | ) |
| domestic corporation, d/b/a FAMILY DOLLAR, INC.; | ) |
| DOLLAR TREE, INC., a domestic corporation, d/b/a FAMILY | ) |
| DOLLAR STORES, INC.; DOLLAR TREE, INC., a domestic | ) |
| corporation, d/b/a FAMILY DOLLAR; DOLLAR TREE INC., | ) |
| a domestic corporation, d/b/a FAMILY DOLLAR STORES; | ) |
| DOLLAR TREE STORES, INC., a domestic corporation, d/b/a | ) |
| FAMILY DOLLAR, INC.; DOLLAR TREE STORES, INC., a | ) |
| domestic corporation, d/b/a FAMILY DOLLAR STORES, | ) |
| INC.; DOLLAR TREE STORES, INC., a domestic | ) |
| corporation, d/b/a FAMILY DOLLAR; DOLLAR TREE | ) |
| STORES, INC., a domestic corporation, d/b/a FAMILY | ) |
| DOLLAR STORES; and APEX FD, LLC, a domestic | ) |
| corporation, | ) |
| | ) |
| Defendants. | ) |

FILED
JAN 05 2016
Kimberly A. Hull
CLERK OF THE CIRCUIT COURT
OGLE COUNTY
2016011934477.0

## COUNT I.

NOW COMES the Plaintiff, JACQUELINE ANDERSON, by and through her attorneys,

MacCloskeyKesler & Associates, LLP, and complaining of the Defendant, FAMILY DOLLAR,

INC., a domestic corporation, states as follows:

1.     On or about February 3, 2014, and at all times pertinent, the Defendant, FAMILY

DOLLAR, INC., was a duly licensed corporation existing pursuant to the laws of the State of Illinois.

2.     On or about February 3, 2014, the Defendant, FAMILY DOLLAR, INC., was doing

business as a retail store open to the general public, out of premises located at 127 West Second



EXHIBIT
A

Street, in the City of Byron, County of Ogle and State of Illinois.

3.     On or about February 3, 2014, and at all times pertinent, there existed on Defendant's premises an electrical cord covered by mats in the doorway.

4.     On or about February 3, 2014, the Defendant, FAMILY DOLLAR, INC., had a duty to maintain its premises in a safe condition for those lawfully on the premises, including the Plaintiff.

5.     On or about February 3, 2014, and at all times pertinent, the Defendant, FAMILY DOLLAR, INC., knew or should have known that said arrangement created an unreasonable risk of harm to those lawfully on the premises, including the Plaintiff.

6.     On or about February 3, 2014, and at all times pertinent, the Defendant, FAMILY DOLLAR, INC., knew or should have known that those lawfully on the premises, including the Plaintiff, JACQUELINE ANDERSON, would fail to discover the existence of said condition and/or fail to protect themselves against it.

7.     On or about February 3, 2014, the Plaintiff, JACQUELINE ANDERSON, was lawfully on the premises of the Defendant.

8.     On or about February 3, 2014, the Plaintiff, JACQUELINE ANDERSON, slipped on a rug placed by Defendant in its doorway, causing her to fall and become severely injured.

9.     At the aforesaid time and place, the Defendant, FAMILY DOLLAR, INC., committed one or more of the following negligent acts and/or omissions:

    a.     Failed to discover the hazardous condition in its doorway;
    b.     Failed to warn the Plaintiff of the hazardous condition created by the electrical cord, metal strip and mats in its doorway;
    c.     Allowed and/or caused a hazardous condition to exist in the doorway of its premises;
    d.     Allowed and/or caused a hazardous condition to exist in the doorway of its premises, in that it placed an electrical cord, a metal strip and mats in its doorway;

2

    e.    Failed to remove said electrical cord, metal strip and mats from its doorway when it knew or should have known that its presence created a hazard to those walking in the doorway;

    f.    Failed to properly inspect its premises to detect the presence of the hazard caused by said electrical cord, metal strip and mats;

    g.    Failed to properly and timely alter said ramp when it knew or should have known said ramp was dangerous to patrons using its premises; and

    h.    Failed to take proper remedial measures despite actual knowledge of the hazardous condition in the doorway of its premises.

10.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, FAMILY DOLLAR, INC., the Plaintiff, JACQUELINE ANDERSON, sustained injuries temporary and permanent including, but not limited to, her neck and left shoulder; Plaintiff has been caused to endure great pain and suffering and will be caused to endure great pain and suffering in the future; Plaintiff is at increased risk of future injury; Plaintiff was and will be caused to lose her ability to engage in a normal life; Plaintiff's injuries have required time off, resulting in lost wages, Plaintiff was and will be required to expend large sums of money in the care and treatment of her injuries; Plaintiff was and will be caused to incur out-of-pocket expenses; and Plaintiff was and will be precluded from engaging in her normal affairs, activities and employment, all to her damage in a sum in excess of $50,000.00 (fifty thousand dollars).

WHEREFORE, the Plaintiff, JACQUELINE ANDERSON, prays judgment be entered in her favor and against the Defendant, FAMILY DOLLAR, INC., in a sum in excess of $50,000.00 (fifty thousand dollars), plus costs of suit.

## COUNT II.

NOW COMES the Plaintiff, JACQUELINE ANDERSON, by and through her attorneys, MacCloskeyKesler & Associates, LLP, and complaining of the Defendant, FAMILY DOLLAR STORES, INC., a domestic corporation, states as follows:

3

1.      On or about February 3, 2014, and at all times pertinent, the Defendant, FAMILY DOLLAR STORES, INC., was a duly licensed corporation existing pursuant to the laws of the State of Illinois.

2.      On or about February 3, 2014, the Defendant, FAMILY DOLLAR STORES, INC., was doing business as a retail store open to the general public, out of premises located at 127 West Second Street, in the City of Byron, County of Ogle and State of Illinois.

3.      On or about February 3, 2014, and at all times pertinent, there existed on Defendant's premises an electrical cord covered by mats in the doorway.

4.      On or about February 3, 2014, the Defendant, FAMILY DOLLAR STORES, INC., had a duty to maintain its premises in a safe condition for those lawfully on the premises, including the Plaintiff.

5.      On or about February 3, 2014, and at all times pertinent, the Defendant, FAMILY DOLLAR STORES, INC., knew or should have known that said arrangement created an unreasonable risk of harm to those lawfully on the premises, including the Plaintiff.

6.      On or about February 3, 2014, and at all times pertinent, the Defendant, FAMILY DOLLAR STORES, INC., knew or should have known that those lawfully on the premises, including the Plaintiff, JACQUELINE ANDERSON, would fail to discover the existence of said condition and/or fail to protect themselves against it.

7.      On or about February 3, 2014, the Plaintiff, JACQUELINE ANDERSON, was lawfully on the premises of the Defendant.

8.      On or about February 3, 2014, the Plaintiff, JACQUELINE ANDERSON, slipped on a rug placed by Defendant in its doorway, causing her to fall and become severely injured.

4

9.      At the aforesaid time and place, the Defendant, FAMILY DOLLAR STORES, INC.,

committed one or more of the following negligent acts and/or omissions:

    a.    Failed to discover the hazardous condition in its doorway;

    b.    Failed to warn the Plaintiff of the hazardous condition created by the electrical cord, metal strip and mats in its doorway;

    c.    Allowed and/or caused a hazardous condition to exist in the doorway of its premises;

    d.    Allowed and/or caused a hazardous condition to exist in the doorway of its premises, in that it placed an electrical cord, a metal strip and mats in its doorway;

    e.    Failed to remove said electrical cord, metal strip and mats from its doorway when it knew or should have known that its presence created a hazard to those walking in the doorway;

    f.    Failed to properly inspect its premises to detect the presence of the hazard caused by said electrical cord, metal strip and mats;

    g.    Failed to properly and timely alter said ramp when it knew or should have known said ramp was dangerous to patrons using its premises; and

    h.    Failed to take proper remedial measures despite actual knowledge of the hazardous condition in the doorway of its premises.

10.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or

omissions of the Defendant, FAMILY DOLLAR STORES, INC., the Plaintiff, JACQUELINE

ANDERSON, sustained injuries temporary and permanent including, but not limited to, her neck and

left shoulder; Plaintiff has been caused to endure great pain and suffering and will be caused to

endure great pain and suffering in the future; Plaintiff is at increased risk of future injury; Plaintiff

was and will be caused to lose her ability to engage in a normal life; Plaintiff's injuries have required

time off, resulting in lost wages, Plaintiff was and will be required to expend large sums of money

in the care and treatment of her injuries; Plaintiff was and will be caused to incur out-of-pocket

expenses; and Plaintiff was and will be precluded from engaging in her normal affairs, activities and

employment, all to her damage in a sum in excess of $50,000.00 (fifty thousand dollars).

WHEREFORE, the Plaintiff, JACQUELINE ANDERSON, prays judgment be entered in her

favor and against the Defendant, FAMILY DOLLAR STORES, INC., in a sum in excess of $50,000.00 (fifty thousand dollars), plus costs of suit.

## COUNT III.

NOW COMES the Plaintiff, JACQUELINE ANDERSON, by and through her attorneys, MacCloskeyKesler & Associates, LLP, and complaining of the Defendant, FAMILY DOLLAR, states as follows:

1. On or about February 3, 2014, and at all times pertinent, the Defendant, FAMILY DOLLAR, was doing business in the State of Illinois in violation of the Assumed Business Name Act, pursuant to 805ILCS 405/1.

2. On or about February 3, 2014, the Defendant, FAMILY DOLLAR, was doing business as a retail store open to the general public, out of premises located at 127 West Second Street, in the City of Byron, County of Ogle and State of Illinois.

3. On or about February 3, 2014, and at all times pertinent, there existed on Defendant's premises an electrical cord covered by mats in the doorway.

4. On or about February 3, 2014, the Defendant, FAMILY DOLLAR, had a duty to maintain its premises in a safe condition for those lawfully on the premises, including the Plaintiff.

5. On or about February 3, 2014, and at all times pertinent, the Defendant, FAMILY DOLLAR, knew or should have known that said arrangement created an unreasonable risk of harm to those lawfully on the premises, including the Plaintiff.

6. On or about February 3, 2014, and at all times pertinent, the Defendant, FAMILY DOLLAR, knew or should have known that those lawfully on the premises, including the Plaintiff, JACQUELINE ANDERSON, would fail to discover the existence of said condition and/or fail to

protect themselves against it.

7.     On or about February 3, 2014, the Plaintiff, JACQUELINE ANDERSON, was

lawfully on the premises of the Defendant.

8.     On or about February 3, 2014, the Plaintiff, JACQUELINE ANDERSON, slipped on

a rug placed by Defendant in its doorway, causing her to fall and become severely injured.

9.     At the aforesaid time and place, the Defendant, FAMILY DOLLAR, committed one

or more of the following negligent acts and/or omissions:

    a.    Failed to discover the hazardous condition in its doorway;

    b.    Failed to warn the Plaintiff of the hazardous condition created by the electrical cord, metal strip and mats in its doorway;

    c.    Allowed and/or caused a hazardous condition to exist in the doorway of its premises;

    d.    Allowed and/or caused a hazardous condition to exist in the doorway of its premises, in that it placed an electrical cord, a metal strip and mats in its doorway;

    e.    Failed to remove said electrical cord, metal strip and mats from its doorway when it knew or should have known that its presence created a hazard to those walking in the doorway;

    f.    Failed to properly inspect its premises to detect the presence of the hazard caused by said electrical cord, metal strip and mats;

    g.    Failed to properly and timely alter said ramp when it knew or should have known said ramp was dangerous to patrons using its premises; and

    h.    Failed to take proper remedial measures despite actual knowledge of the hazardous condition in the doorway of its premises.

10.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or

omissions of the Defendant, FAMILY DOLLAR, the Plaintiff, JACQUELINE ANDERSON,

sustained injuries temporary and permanent including, but not limited to, her neck and left shoulder;

Plaintiff has been caused to endure great pain and suffering and will be caused to endure great pain

and suffering in the future; Plaintiff is at increased risk of future injury; Plaintiff was and will be

caused to lose her ability to engage in a normal life; Plaintiff's injuries have required time off,

resulting in lost wages, Plaintiff was and will be required to expend large sums of money in the care

and treatment of her injuries; Plaintiff was and will be caused to incur out-of-pocket expenses; and

Plaintiff was and will be precluded from engaging in her normal affairs, activities and employment,

all to her damage in a sum in excess of $50,000.00 (fifty thousand dollars).

WHEREFORE, the Plaintiff, JACQUELINE ANDERSON, prays judgment be entered in her

favor and against the Defendant, FAMILY DOLLAR, in a sum in excess of $50,000.00 (fifty

thousand dollars), plus costs of suit.

COUNT IV.

NOW COMES the Plaintiff, JACQUELINE ANDERSON, by and through her attorneys,

MacCloskeyKesler & Associates, LLP, and complaining of the Defendant, FAMILY DOLLAR

STORES, states as follows:

1.     On or about February 3, 2014, and at all times pertinent, the Defendant, FAMILY

DOLLAR STORES, was doing business in the State of Illinois in violation of the Assumed Business

Name Act, pursuant to 805ILCS 405/1.

2.     On or about February 3, 2014, the Defendant, FAMILY DOLLAR STORES, was

doing business as a retail store open to the general public, out of premises located at 127 West

Second Street, in the City of Byron, County of Ogle and State of Illinois.

3.     On or about February 3, 2014, and at all times pertinent, there existed on Defendant's

premises an electrical cord covered by mats in the doorway.

4.     On or about February 3, 2014, the Defendant, FAMILY DOLLAR STORES, had a

duty to maintain its premises in a safe condition for those lawfully on the premises, including the

Plaintiff.

8

5.     On or about February 3, 2014, and at all times pertinent, the Defendant, FAMILY DOLLAR STORES, knew or should have known that said arrangement created an unreasonable risk of harm to those lawfully on the premises, including the Plaintiff.

6.     On or about February 3, 2014, and at all times pertinent, the Defendant, FAMILY DOLLAR STORES, knew or should have known that those lawfully on the premises, including the Plaintiff, JACQUELINE ANDERSON, would fail to discover the existence of said condition and/or fail to protect themselves against it.

7.     On or about February 3, 2014, the Plaintiff, JACQUELINE ANDERSON, was lawfully on the premises of the Defendant.

8.     On or about February 3, 2014, the Plaintiff, JACQUELINE ANDERSON, slipped on a rug placed by Defendant in its doorway, causing her to fall and become severely injured.

9.     At the aforesaid time and place, the Defendant, FAMILY DOLLAR STORES, committed one or more of the following negligent acts and/or omissions:

- a.  Failed to discover the hazardous condition in its doorway;
- b.  Failed to warn the Plaintiff of the hazardous condition created by the electrical cord, metal strip and mats in its doorway;
- c.  Allowed and/or caused a hazardous condition to exist in the doorway of its premises;
- d.  Allowed and/or caused a hazardous condition to exist in the doorway of its premises, in that it placed an electrical cord, a metal strip and mats in its doorway;
- e.  Failed to remove said electrical cord, metal strip and mats from its doorway when it knew or should have known that its presence created a hazard to those walking in the doorway;
- f.  Failed to properly inspect its premises to detect the presence of the hazard caused by said electrical cord, metal strip and mats;
- g.  Failed to properly and timely alter said ramp when it knew or should have known said ramp was dangerous to patrons using its premises; and
- h.  Failed to take proper remedial measures despite actual knowledge of the hazardous condition in the doorway of its premises.

9

10.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, FAMILY DOLLAR STORES, the Plaintiff, JACQUELINE ANDERSON, sustained injuries temporary and permanent including, but not limited to, her neck and left shoulder; Plaintiff has been caused to endure great pain and suffering and will be caused to endure great pain and suffering in the future; Plaintiff is at increased risk of future injury; Plaintiff was and will be caused to lose her ability to engage in a normal life; Plaintiff's injuries have required time off, resulting in lost wages, Plaintiff was and will be required to expend large sums of money in the care and treatment of her injuries; Plaintiff was and will be caused to incur out-of-pocket expenses; and Plaintiff was and will be precluded from engaging in her normal affairs, activities and employment, all to her damage in a sum in excess of $50,000.00 (fifty thousand dollars).

WHEREFORE, the Plaintiff, JACQUELINE ANDERSON, prays judgment be entered in her favor and against the Defendant, FAMILY DOLLAR STORES, in a sum in excess of $50,000.00 (fifty thousand dollars), plus costs of suit.

### COUNT V.

NOW COMES the Plaintiff, JACQUELINE ANDERSON, by and through her attorneys, MacCloskeyKesler & Associates, LLP, and complaining of the Defendant, DOLLAR TREE, INC., a domestic corporation, states as follows:

1.     On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR TREE, INC., was a duly licensed corporation existing pursuant to the laws of the State of Illinois.

2.     On or about February 3, 2014, the Defendant, DOLLAR TREE, INC., was doing business as a retail store open to the general public, out of premises located at 127 West Second Street, in the City of Byron, County of Ogle and State of Illinois.

3. On or about February 3, 2014, and at all times pertinent, there existed on Defendant's premises an electrical cord covered by mats in the doorway.

4. On or about February 3, 2014, the Defendant, DOLLAR TREE, INC., had a duty to maintain its premises in a safe condition for those lawfully on the premises, including the Plaintiff.

5. On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR TREE, INC., knew or should have known that said arrangement created an unreasonable risk of harm to those lawfully on the premises, including the Plaintiff.

6. On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR TREE, INC., knew or should have known that those lawfully on the premises, including the Plaintiff, JACQUELINE ANDERSON, would fail to discover the existence of said condition and/or fail to protect themselves against it.

7. On or about February 3, 2014, the Plaintiff, JACQUELINE ANDERSON, was lawfully on the premises of the Defendant.

8. On or about February 3, 2014, the Plaintiff, JACQUELINE ANDERSON, slipped on a rug placed by Defendant in its doorway, causing her to fall and become severely injured.

9. At the aforesaid time and place, the Defendant, DOLLAR TREE, INC., committed one or more of the following negligent acts and/or omissions:

   a. Failed to discover the hazardous condition in its doorway;
   b. Failed to warn the Plaintiff of the hazardous condition created by the electrical cord, metal strip and mats in its doorway;
   c. Allowed and/or caused a hazardous condition to exist in the doorway of its premises;
   d. Allowed and/or caused a hazardous condition to exist in the doorway of its premises, in that it placed an electrical cord, a metal strip and mats in its doorway;
   e. Failed to remove said electrical cord, metal strip and mats from its doorway when it knew or should have known that its presence created a hazard to

11

those walking in the doorway;

f. Failed to properly inspect its premises to detect the presence of the hazard caused by said electrical cord, metal strip and mats;

g. Failed to properly and timely alter said ramp when it knew or should have known said ramp was dangerous to patrons using its premises; and

h. Failed to take proper remedial measures despite actual knowledge of the hazardous condition in the doorway of its premises.

10. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, DOLLAR TREE, INC., the Plaintiff, JACQUELINE ANDERSON, sustained injuries temporary and permanent including, but not limited to, her neck and left shoulder; Plaintiff has been caused to endure great pain and suffering and will be caused to endure great pain and suffering in the future; Plaintiff is at increased risk of future injury; Plaintiff was and will be caused to lose her ability to engage in a normal life; Plaintiff's injuries have required time off, resulting in lost wages, Plaintiff was and will be required to expend large sums of money in the care and treatment of her injuries; Plaintiff was and will be caused to incur out-of-pocket expenses; and Plaintiff was and will be precluded from engaging in her normal affairs, activities and employment, all to her damage in a sum in excess of $50,000.00 (fifty thousand dollars).

WHEREFORE, the Plaintiff, JACQUELINE ANDERSON, prays judgment be entered in her favor and against the Defendant, DOLLAR TREE, INC., in a sum in excess of $50,000.00 (fifty thousand dollars), plus costs of suit.

## COUNT VI.

NOW COMES the Plaintiff, JACQUELINE ANDERSON, by and through her attorneys, MacCloskeyKesler & Associates, LLP, and complaining of the Defendant, DOLLAR TREE STORES, INC., a domestic corporation, states as follows:

1. On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR

TREE STORES, INC., was a duly licensed corporation existing pursuant to the laws of the State of Illinois.

2.     On or about February 3, 2014, the Defendant, DOLLAR TREE STORES, INC., was doing business as a retail store open to the general public, out of premises located at 127 West Second Street, in the City of Byron, County of Ogle and State of Illinois.

3.     On or about February 3, 2014, and at all times pertinent, there existed on Defendant's premises an electrical cord covered by mats in the doorway.

4.     On or about February 3, 2014, the Defendant, DOLLAR TREE STORES, INC., had a duty to maintain its premises in a safe condition for those lawfully on the premises, including the Plaintiff.

5.     On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR TREE STORES, INC., knew or should have known that said arrangement created an unreasonable risk of harm to those lawfully on the premises, including the Plaintiff.

6.     On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR TREE STORES, INC., knew or should have known that those lawfully on the premises, including the Plaintiff, JACQUELINE ANDERSON, would fail to discover the existence of said condition and/or fail to protect themselves against it.

7.     On or about February 3, 2014, the Plaintiff, JACQUELINE ANDERSON, was lawfully on the premises of the Defendant.

8.     On or about February 3, 2014, the Plaintiff, JACQUELINE ANDERSON, slipped on a rug placed by Defendant in its doorway, causing her to fall and become severely injured.

9.     At the aforesaid time and place, the Defendant, DOLLAR TREE STORES, INC.,

committed one or more of the following negligent acts and/or omissions:

a. Failed to discover the hazardous condition in its doorway;

b. Failed to warn the Plaintiff of the hazardous condition created by the electrical cord, metal strip and mats in its doorway;

c. Allowed and/or caused a hazardous condition to exist in the doorway of its premises;

d. Allowed and/or caused a hazardous condition to exist in the doorway of its premises, in that it placed an electrical cord, a metal strip and mats in its doorway;

e. Failed to remove said electrical cord, metal strip and mats from its doorway when it knew or should have known that its presence created a hazard to those walking in the doorway;

f. Failed to properly inspect its premises to detect the presence of the hazard caused by said electrical cord, metal strip and mats;

g. Failed to properly and timely alter said ramp when it knew or should have known said ramp was dangerous to patrons using its premises; and

h. Failed to take proper remedial measures despite actual knowledge of the hazardous condition in the doorway of its premises.

10. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, DOLLAR TREE STORES, INC., the Plaintiff, JACQUELINE ANDERSON, sustained injuries temporary and permanent including, but not limited to, her neck and left shoulder; Plaintiff has been caused to endure great pain and suffering and will be caused to endure great pain and suffering in the future; Plaintiff is at increased risk of future injury; Plaintiff was and will be caused to lose her ability to engage in a normal life; Plaintiff's injuries have required time off, resulting in lost wages, Plaintiff was and will be required to expend large sums of money in the care and treatment of her injuries; Plaintiff was and will be caused to incur out-of-pocket expenses; and Plaintiff was and will be precluded from engaging in her normal affairs, activities and employment, all to her damage in a sum in excess of $50,000.00 (fifty thousand dollars).

WHEREFORE, the Plaintiff, JACQUELINE ANDERSON, prays judgment be entered in her favor and against the Defendant, DOLLAR TREE STORES, INC., in a sum in excess of $50,000.00

(fifty thousand dollars), plus costs of suit.

## COUNT VII.

NOW COMES the Plaintiff, JACQUELINE ANDERSON, by and through her attorneys, MacCloskeyKesler & Associates, LLP, and complaining of the Defendant, DOLLAR TREE, INC., a domestic corporation, d/b/a FAMILY DOLLAR, INC., states as follows:

1. On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR TREE, INC., was a duly licensed corporation existing pursuant to the laws of the State of Illinois.

2. On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR TREE, INC., was doing business as FAMILY DOLLAR, INC.

3. On or about February 3, 2014, the Defendant, DOLLAR TREE, INC. d/b/a FAMILY DOLLAR, INC., was doing business as a retail store open to the general public, out of premises located at 127 West Second Street, in the City of Byron, County of Ogle and State of Illinois.

4. On or about February 3, 2014, and at all times pertinent, there existed on Defendant's premises an electrical cord covered by mats in the doorway.

5. On or about February 3, 2014, the Defendant, DOLLAR TREE, INC. d/b/a FAMILY DOLLAR, INC., had a duty to maintain its premises in a safe condition for those lawfully on the premises, including the Plaintiff.

6. On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR TREE, INC. d/b/a FAMILY DOLLAR, INC., knew or should have known that said arrangement created an unreasonable risk of harm to those lawfully on the premises, including the Plaintiff.

7. On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR TREE, INC. d/b/a FAMILY DOLLAR, INC., knew or should have known that those lawfully on

301417081060001  5120160119347710

the premises, including the Plaintiff, JACQUELINE ANDERSON, would fail to discover the

existence of said condition and/or fail to protect themselves against it.

8.    On or about February 3, 2014, the Plaintiff, JACQUELINE ANDERSON, was

lawfully on the premises of the Defendant.

9.    On or about February 3, 2014, the Plaintiff, JACQUELINE ANDERSON, slipped on

a rug placed by Defendant in its doorway, causing her to fall and become severely injured.

10.    At the aforesaid time and place, the Defendant, DOLLAR TREE, INC. d/b/a

FAMILY DOLLAR, INC., committed one or more of the following negligent acts and/or

omissions:

a.    Failed to discover the hazardous condition in its doorway;

b.    Failed to warn the Plaintiff of the hazardous condition created by the electrical cord, metal strip and mats in its doorway;

c.    Allowed and/or caused a hazardous condition to exist in the doorway of its premises;

d.    Allowed and/or caused a hazardous condition to exist in the doorway of its premises, in that it placed an electrical cord, a metal strip and mats in its doorway;

e.    Failed to remove said electrical cord, metal strip and mats from its doorway when it knew or should have known that its presence created a hazard to those walking in the doorway;

f.    Failed to properly inspect its premises to detect the presence of the hazard caused by said electrical cord, metal strip and mats;

g.    Failed to properly and timely alter said ramp when it knew or should have known said ramp was dangerous to patrons using its premises; and

h.    Failed to take proper remedial measures despite actual knowledge of the hazardous condition in the doorway of its premises.

11.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or

omissions of the Defendant, DOLLAR TREE, INC. d/b/a FAMILY DOLLAR, INC., the Plaintiff,

JACQUELINE ANDERSON, sustained injuries temporary and permanent including, but not limited

to, her neck and left shoulder; Plaintiff has been caused to endure great pain and suffering and will

be caused to endure great pain and suffering in the future; Plaintiff is at increased risk of future injury; Plaintiff was and will be caused to lose her ability to engage in a normal life; Plaintiff's injuries have required time off, resulting in lost wages, Plaintiff was and will be required to expend large sums of money in the care and treatment of her injuries; Plaintiff was and will be caused to incur out-of-pocket expenses; and Plaintiff was and will be precluded from engaging in her normal affairs, activities and employment, all to her damage in a sum in excess of $50,000.00 (fifty thousand dollars).

WHEREFORE, the Plaintiff, JACQUELINE ANDERSON, prays judgment be entered in her favor and against the Defendant, DOLLAR TREE, INC. d/b/a FAMILY DOLLAR, INC., in a sum in excess of $50,000.00 (fifty thousand dollars), plus costs of suit.

### COUNT VIII.

NOW COMES the Plaintiff, JACQUELINE ANDERSON, by and through her attorneys, MacCloskeyKesler & Associates, LLP, and complaining of the Defendant, DOLLAR TREE, INC. d/b/a FAMILY DOLLAR STORES, INC., a domestic corporation, states as follows:

1.    On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR TREE, INC., was a duly licensed corporation existing pursuant to the laws of the State of Illinois.

2.    On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR TREE, INC., was doing business as FAMILY DOLLAR STORES, INC.

3.    On or about February 3, 2014, the Defendant, DOLLAR TREE, INC. d/b/a FAMILY DOLLAR STORES, INC., was doing business as a retail store open to the general public, out of premises located at 127 West Second Street, in the City of Byron, County of Ogle and State of Illinois.

17

4. On or about February 3, 2014, and at all times pertinent, there existed on Defendant's premises an electrical cord covered by mats in the doorway.

5. On or about February 3, 2014, the Defendant, DOLLAR TREE, INC. d/b/a FAMILY DOLLAR STORES, INC., had a duty to maintain its premises in a safe condition for those lawfully on the premises, including the Plaintiff.

6. On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR TREE, INC. d/b/a FAMILY DOLLAR STORES, INC., knew or should have known that said arrangement created an unreasonable risk of harm to those lawfully on the premises, including the Plaintiff.

7. On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR TREE, INC. d/b/a FAMILY DOLLAR STORES, INC., knew or should have known that those lawfully on the premises, including the Plaintiff, JACQUELINE ANDERSON, would fail to discover the existence of said condition and/or fail to protect themselves against it.

8. On or about February 3, 2014, the Plaintiff, JACQUELINE ANDERSON, was lawfully on the premises of the Defendant.

9. On or about February 3, 2014, the Plaintiff, JACQUELINE ANDERSON, slipped on a rug placed by Defendant in its doorway, causing her to fall and become severely injured.

10. At the aforesaid time and place, the Defendant, DOLLAR TREE, INC. d/b/a FAMILY DOLLAR STORES, INC., committed one or more of the following negligent acts and/or omissions:

    a. Failed to discover the hazardous condition in its doorway;

    b. Failed to warn the Plaintiff of the hazardous condition created by the electrical cord, metal strip and mats in its doorway;

    c. Allowed and/or caused a hazardous condition to exist in the doorway of its

premises;

d.    Allowed and/or caused a hazardous condition to exist in the doorway of its premises, in that it placed an electrical cord, a metal strip and mats in its doorway;

e.    Failed to remove said electrical cord, metal strip and mats from its doorway when it knew or should have known that its presence created a hazard to those walking in the doorway;

f.    Failed to properly inspect its premises to detect the presence of the hazard caused by said electrical cord, metal strip and mats;

g.    Failed to properly and timely alter said ramp when it knew or should have known said ramp was dangerous to patrons using its premises; and

h.    Failed to take proper remedial measures despite actual knowledge of the hazardous condition in the doorway of its premises.

11.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, DOLLAR TREE, INC. d/b/a FAMILY DOLLAR STORES, INC., the Plaintiff, JACQUELINE ANDERSON, sustained injuries temporary and permanent including, but not limited to, her neck and left shoulder; Plaintiff has been caused to endure great pain and suffering and will be caused to endure great pain and suffering in the future; Plaintiff is at increased risk of future injury; Plaintiff was and will be caused to lose her ability to engage in a normal life; Plaintiff's injuries have required time off, resulting in lost wages, Plaintiff was and will be required to expend large sums of money in the care and treatment of her injuries; Plaintiff was and will be caused to incur out-of-pocket expenses; and Plaintiff was and will be precluded from engaging in her normal affairs, activities and employment, all to her damage in a sum in excess of $50,000.00 (fifty thousand dollars).

WHEREFORE, the Plaintiff, JACQUELINE ANDERSON, prays judgment be entered in her favor and against the Defendant, DOLLAR TREE, INC. d/b/a FAMILY DOLLAR STORES, INC., in a sum in excess of $50,000.00 (fifty thousand dollars), plus costs of suit.

### COUNT VIII.

19

NOW COMES the Plaintiff, JACQUELINE ANDERSON, by and through her attorneys, MacCloskeyKesler & Associates, LLP, and complaining of the Defendant, DOLLAR TREE, INC. d/b/a FAMILY DOLLAR STORES, INC., a domestic corporation, states as follows:

1. On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR TREE, INC., was a duly licensed corporation existing pursuant to the laws of the State of Illinois.

2. On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR TREE, INC., was doing business as FAMILY DOLLAR STORES, INC.

3. On or about February 3, 2014, the Defendant, DOLLAR TREE, INC. d/b/a FAMILY DOLLAR STORES, INC., was doing business as a retail store open to the general public, out of premises located at 127 West Second Street, in the City of Byron, County of Ogle and State of Illinois.

4. On or about February 3, 2014, and at all times pertinent, there existed on Defendant's premises an electrical cord covered by mats in the doorway.

5. On or about February 3, 2014, the Defendant, DOLLAR TREE, INC. d/b/a FAMILY DOLLAR STORES, INC., had a duty to maintain its premises in a safe condition for those lawfully on the premises, including the Plaintiff.

6. On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR TREE, INC. d/b/a FAMILY DOLLAR STORES, INC., knew or should have known that said arrangement created an unreasonable risk of harm to those lawfully on the premises, including the Plaintiff.

7. On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR TREE, INC. d/b/a FAMILY DOLLAR STORES, INC., knew or should have known that those

lawfully on the premises, including the Plaintiff, JACQUELINE ANDERSON, would fail to

discover the existence of said condition and/or fail to protect themselves against it.

8.    On or about February 3, 2014, the Plaintiff, JACQUELINE ANDERSON, was

lawfully on the premises of the Defendant.

9.    On or about February 3, 2014, the Plaintiff, JACQUELINE ANDERSON, slipped on

a rug placed by Defendant in its doorway, causing her to fall and become severely injured.

10.    At the aforesaid time and place, the Defendant, DOLLAR TREE, INC. d/b/a

FAMILY DOLLAR STORES, INC., committed one or more of the following negligent acts and/or

omissions:

    a.    Failed to discover the hazardous condition in its doorway;

    b.    Failed to warn the Plaintiff of the hazardous condition created by the electrical cord, metal strip and mats in its doorway;

    c.    Allowed and/or caused a hazardous condition to exist in the doorway of its premises;

    d.    Allowed and/or caused a hazardous condition to exist in the doorway of its premises, in that it placed an electrical cord, a metal strip and mats in its doorway;

    e.    Failed to remove said electrical cord, metal strip and mats from its doorway when it knew or should have known that its presence created a hazard to those walking in the doorway;

    f.    Failed to properly inspect its premises to detect the presence of the hazard caused by said electrical cord, metal strip and mats;

    g.    Failed to properly and timely alter said ramp when it knew or should have known said ramp was dangerous to patrons using its premises; and

    h.    Failed to take proper remedial measures despite actual knowledge of the hazardous condition in the doorway of its premises.

11.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or

omissions of the Defendant, DOLLAR TREE, INC. d/b/a FAMILY DOLLAR STORES, INC., the

Plaintiff, JACQUELINE ANDERSON, sustained injuries temporary and permanent including, but

not limited to, her neck and left shoulder; Plaintiff has been caused to endure great pain and suffering

and will be caused to endure great pain and suffering in the future; Plaintiff is at increased risk of

future injury; Plaintiff was and will be caused to lose her ability to engage in a normal life; Plaintiff's

injuries have required time off, resulting in lost wages, Plaintiff was and will be required to expend

large sums of money in the care and treatment of her injuries; Plaintiff was and will be caused to

incur out-of-pocket expenses; and Plaintiff was and will be precluded from engaging in her normal

affairs, activities and employment, all to her damage in a sum in excess of $50,000.00 (fifty thousand

dollars).

     WHEREFORE, the Plaintiff, JACQUELINE ANDERSON, prays judgment be entered in her

favor and against the Defendant, DOLLAR TREE, INC. d/b/a FAMILY DOLLAR STORES, INC.,

in a sum in excess of $50,000.00 (fifty thousand dollars), plus costs of suit.

### COUNT IX.

     NOW COMES the Plaintiff, JACQUELINE ANDERSON, by and through her attorneys,

MacCloskeyKesler & Associates, LLP, and complaining of the Defendant, DOLLAR TREE, INC.,

a domestic corporation, d/b/a FAMILY DOLLAR, states as follows:

     1.    On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR

TREE, INC., was a duly licensed corporation existing pursuant to the laws of the State of Illinois.

     2.    On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR

TREE, INC., was doing business as FAMILY DOLLAR.

     3.    On or about February 3, 2014, the Defendant, DOLLAR TREE, INC., d/b/a FAMILY

DOLLAR, was doing business as a retail store open to the general public, out of premises located

at 127 West Second Street, in the City of Byron, County of Ogle and State of Illinois.

     4.    On or about February 3, 2014, and at all times pertinent, there existed on Defendant's

22

premises an electrical cord covered by mats in the doorway.

5.     On or about February 3, 2014, the Defendant, DOLLAR TREE, INC., d/b/a FAMILY DOLLAR, had a duty to maintain its premises in a safe condition for those lawfully on the premises, including the Plaintiff.

6.     On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR TREE, INC., d/b/a FAMILY DOLLAR, knew or should have known that said arrangement created an unreasonable risk of harm to those lawfully on the premises, including the Plaintiff.

7.     On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR TREE, INC., d/b/a FAMILY DOLLAR, knew or should have known that those lawfully on the premises, including the Plaintiff, JACQUELINE ANDERSON, would fail to discover the existence of said condition and/or fail to protect themselves against it.

8.     On or about February 3, 2014, the Plaintiff, JACQUELINE ANDERSON, was lawfully on the premises of the Defendant.

9.     On or about February 3, 2014, the Plaintiff, JACQUELINE ANDERSON, slipped on a rug placed by Defendant in its doorway, causing her to fall and become severely injured.

10.     At the aforesaid time and place, the Defendant, DOLLAR TREE, INC., d/b/a FAMILY DOLLAR, committed one or more of the following negligent acts and/or omissions:

a.     Failed to discover the hazardous condition in its doorway;
b.     Failed to warn the Plaintiff of the hazardous condition created by the electrical cord, metal strip and mats in its doorway;
c.     Allowed and/or caused a hazardous condition to exist in the doorway of its premises;
d.     Allowed and/or caused a hazardous condition to exist in the doorway of its premises, in that it placed an electrical cord, a metal strip and mats in its doorway;
e.     Failed to remove said electrical cord, metal strip and mats from its doorway when it knew or should have known that its presence created a hazard to

23

those walking in the doorway;

f.    Failed to properly inspect its premises to detect the presence of the hazard caused by said electrical cord, metal strip and mats;

g.    Failed to properly and timely alter said ramp when it knew or should have known said ramp was dangerous to patrons using its premises; and

h.    Failed to take proper remedial measures despite actual knowledge of the hazardous condition in the doorway of its premises.

11.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, DOLLAR TREE, INC., d/b/a FAMILY DOLLAR, the Plaintiff, JACQUELINE ANDERSON, sustained injuries temporary and permanent including, but not limited to, her neck and left shoulder; Plaintiff has been caused to endure great pain and suffering and will be caused to endure great pain and suffering in the future; Plaintiff is at increased risk of future injury; Plaintiff was and will be caused to lose her ability to engage in a normal life; Plaintiff's injuries have required time off, resulting in lost wages, Plaintiff was and will be required to expend large sums of money in the care and treatment of her injuries; Plaintiff was and will be caused to incur out-of-pocket expenses; and Plaintiff was and will be precluded from engaging in her normal affairs, activities and employment, all to her damage in a sum in excess of $50,000.00 (fifty thousand dollars).

WHEREFORE, the Plaintiff, JACQUELINE ANDERSON, prays judgment be entered in her favor and against the Defendant, DOLLAR TREE, INC., d/b/a FAMILY DOLLAR, in a sum in excess of $50,000.00 (fifty thousand dollars), plus costs of suit.

## COUNT X.

NOW COMES the Plaintiff, JACQUELINE ANDERSON, by and through her attorneys, MacCloskeyKesler & Associates, LLP, and complaining of the Defendant, DOLLAR TREE, INC., a domestic corporation, d/b/a FAMILY DOLLAR STORES, states as follows:

1. On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR TREE, INC., was a duly licensed corporation existing pursuant to the laws of the State of Illinois.

2. On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR TREE, INC., was doing business as FAMILY DOLLAR.

3. On or about February 3, 2014, the Defendant, DOLLAR TREE, INC., d/b/a FAMILY DOLLAR STORES, was doing business as a retail store open to the general public, out of premises located at 127 West Second Street, in the City of Byron, County of Ogle and State of Illinois.

4. On or about February 3, 2014, and at all times pertinent, there existed on Defendant's premises an electrical cord covered by mats in the doorway.

5. On or about February 3, 2014, the Defendant, DOLLAR TREE, INC., d/b/a FAMILY DOLLAR STORES, had a duty to maintain its premises in a safe condition for those lawfully on the premises, including the Plaintiff.

6. On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR TREE, INC., d/b/a FAMILY DOLLAR STORES, knew or should have known that said arrangement created an unreasonable risk of harm to those lawfully on the premises, including the Plaintiff.

7. On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR TREE, INC., d/b/a FAMILY DOLLAR STORES, knew or should have known that those lawfully on the premises, including the Plaintiff, JACQUELINE ANDERSON, would fail to discover the existence of said condition and/or fail to protect themselves against it.

8. On or about February 3, 2014, the Plaintiff, JACQUELINE ANDERSON, was lawfully on the premises of the Defendant.

9. On or about February 3, 2014, the Plaintiff, JACQUELINE ANDERSON, slipped on

25

a rug placed by Defendant in its doorway, causing her to fall and become severely injured.

10.     At the aforesaid time and place, the Defendant, DOLLAR TREE, INC., d/b/a

FAMILY DOLLAR STORES, committed one or more of the following negligent acts and/or

omissions:

     a.    Failed to discover the hazardous condition in its doorway;

     b.    Failed to warn the Plaintiff of the hazardous condition created by the electrical cord, metal strip and mats in its doorway;

     c.    Allowed and/or caused a hazardous condition to exist in the doorway of its premises;

     d.    Allowed and/or caused a hazardous condition to exist in the doorway of its premises, in that it placed an electrical cord, a metal strip and mats in its doorway;

     e.    Failed to remove said electrical cord, metal strip and mats from its doorway when it knew or should have known that its presence created a hazard to those walking in the doorway;

     f.    Failed to properly inspect its premises to detect the presence of the hazard caused by said electrical cord, metal strip and mats;

     g.    Failed to properly and timely alter said ramp when it knew or should have known said ramp was dangerous to patrons using its premises; and

     h.    Failed to take proper remedial measures despite actual knowledge of the hazardous condition in the doorway of its premises.

11.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or

omissions of the Defendant, DOLLAR TREE, INC., d/b/a FAMILY DOLLAR STORES, the

Plaintiff, JACQUELINE ANDERSON, sustained injuries temporary and permanent including, but

not limited to, her neck and left shoulder; Plaintiff has been caused to endure great pain and suffering

and will be caused to endure great pain and suffering in the future; Plaintiff is at increased risk of

future injury; Plaintiff was and will be caused to lose her ability to engage in a normal life; Plaintiff's

injuries have required time off, resulting in lost wages, Plaintiff was and will be required to expend

large sums of money in the care and treatment of her injuries; Plaintiff was and will be caused to

incur out-of-pocket expenses; and Plaintiff was and will be precluded from engaging in her normal

affairs, activities and employment, all to her damage in a sum in excess of $50,000.00 (fifty thousand dollars).

WHEREFORE, the Plaintiff, JACQUELINE ANDERSON, prays judgment be entered in her favor and against the Defendant, DOLLAR TREE, INC., d/b/a FAMILY DOLLAR STORES, in a sum in excess of $50,000.00 (fifty thousand dollars), plus costs of suit.

COUNT XI.

NOW COMES the Plaintiff, JACQUELINE ANDERSON, by and through her attorneys, MacCloskeyKesler & Associates, LLP, and complaining of the Defendant, DOLLAR TREE STORES, INC., a domestic corporation, d/b/a FAMILY DOLLAR, INC., states as follows:

1. On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR TREE STORES, INC., was a duly licensed corporation existing pursuant to the laws of the State of Illinois.

2. On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR TREE STORES, INC., was doing business as FAMILY DOLLAR, INC.

3. On or about February 3, 2014, the Defendant, DOLLAR TREE STORES, INC., d/b/a FAMILY DOLLAR, INC., was doing business as a retail store open to the general public, out of premises located at 127 West Second Street, in the City of Byron, County of Ogle and State of Illinois.

4. On or about February 3, 2014, and at all times pertinent, there existed on Defendant's premises an electrical cord covered by mats in the doorway.

5. On or about February 3, 2014, the Defendant, DOLLAR TREE STORES, INC., d/b/a FAMILY DOLLAR, INC., had a duty to maintain its premises in a safe condition for those lawfully

27

on the premises, including the Plaintiff.

6.       On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR
TREE STORES, INC., d/b/a FAMILY DOLLAR, INC., knew or should have known that said
arrangement created an unreasonable risk of harm to those lawfully on the premises, including the
Plaintiff.

7.       On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR
TREE STORES, INC., d/b/a FAMILY DOLLAR, INC., knew or should have known that those
lawfully on the premises, including the Plaintiff, JACQUELINE ANDERSON, would fail to
discover the existence of said condition and/or fail to protect themselves against it.

8.       On or about February 3, 2014, the Plaintiff, JACQUELINE ANDERSON, was
lawfully on the premises of the Defendant.

9.       On or about February 3, 2014, the Plaintiff, JACQUELINE ANDERSON, slipped on
a rug placed by Defendant in its doorway, causing her to fall and become severely injured.

10.      At the aforesaid time and place, the Defendant, DOLLAR TREE STORES, INC.,
d/b/a FAMILY DOLLAR, INC., committed one or more of the following negligent acts and/or
omissions:

a.       Failed to discover the hazardous condition in its doorway;
b.       Failed to warn the Plaintiff of the hazardous condition created by the
electrical cord, metal strip and mats in its doorway;
c.       Allowed and/or caused a hazardous condition to exist in the doorway of its
premises;
d.       Allowed and/or caused a hazardous condition to exist in the doorway of its
premises, in that it placed an electrical cord, a metal strip and mats in its
doorway;
e.       Failed to remove said electrical cord, metal strip and mats from its doorway
when it knew or should have known that its presence created a hazard to
those walking in the doorway;
f.       Failed to properly inspect its premises to detect the presence of the hazard

caused by said electrical cord, metal strip and mats;

g.  Failed to properly and timely alter said ramp when it knew or should have known said ramp was dangerous to patrons using its premises; and

h.  Failed to take proper remedial measures despite actual knowledge of the hazardous condition in the doorway of its premises.

11.  As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, DOLLAR TREE STORES, INC., d/b/a FAMILY DOLLAR, INC., the Plaintiff, JACQUELINE ANDERSON, sustained injuries temporary and permanent including, but not limited to, her neck and left shoulder; Plaintiff has been caused to endure great pain and suffering and will be caused to endure great pain and suffering in the future; Plaintiff is at increased risk of future injury; Plaintiff was and will be caused to lose her ability to engage in a normal life; Plaintiff's injuries have required time off, resulting in lost wages, Plaintiff was and will be required to expend large sums of money in the care and treatment of her injuries; Plaintiff was and will be caused to incur out-of-pocket expenses; and Plaintiff was and will be precluded from engaging in her normal affairs, activities and employment, all to her damage in a sum in excess of $50,000.00 (fifty thousand dollars).

WHEREFORE, the Plaintiff, JACQUELINE ANDERSON, prays judgment be entered in her favor and against the Defendant, DOLLAR TREE STORES, INC., d/b/a FAMILY DOLLAR, INC., in a sum in excess of $50,000.00 (fifty thousand dollars), plus costs of suit.

## COUNT XII.

NOW COMES the Plaintiff, JACQUELINE ANDERSON, by and through her attorneys, MacCloskeyKesler & Associates, LLP, and complaining of the Defendant, DOLLAR TREE STORES, INC., a domestic corporation, d/b/a FAMILY DOLLAR, INC., states as follows:

1.  On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR

TREE STORES, INC., was a duly licensed corporation existing pursuant to the laws of the State of Illinois.

2.    On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR TREE STORES, INC., was doing business as FAMILY DOLLAR STORES, INC.

3.    On or about February 3, 2014, the Defendant, DOLLAR TREE STORES, INC., d/b/a FAMILY DOLLAR STORES, INC., was doing business as a retail store open to the general public, out of premises located at 127 West Second Street, in the City of Byron, County of Ogle and State of Illinois.

4.    On or about February 3, 2014, and at all times pertinent, there existed on Defendant's premises an electrical cord covered by mats in the doorway.

5.    On or about February 3, 2014, the Defendant, DOLLAR TREE STORES, INC., d/b/a FAMILY DOLLAR STORES, INC., had a duty to maintain its premises in a safe condition for those lawfully on the premises, including the Plaintiff.

6.    On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR TREE STORES, INC., d/b/a FAMILY DOLLAR STORES, INC., knew or should have known that said arrangement created an unreasonable risk of harm to those lawfully on the premises, including the Plaintiff.

7.    On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR TREE STORES, INC., d/b/a FAMILY DOLLAR STORES, INC., knew or should have known that those lawfully on the premises, including the Plaintiff, JACQUELINE ANDERSON, would fail to discover the existence of said condition and/or fail to protect themselves against it.

8.    On or about February 3, 2014, the Plaintiff, JACQUELINE ANDERSON, was

lawfully on the premises of the Defendant.

9.      On or about February 3, 2014, the Plaintiff, JACQUELINE ANDERSON, slipped on

a rug placed by Defendant in its doorway, causing her to fall and become severely injured.

10.      At the aforesaid time and place, the Defendant, DOLLAR TREE STORES, INC.,

d/b/a FAMILY DOLLAR STORES, INC., committed one or more of the following negligent acts

and/or omissions:

    a.    Failed to discover the hazardous condition in its doorway;
    b.    Failed to warn the Plaintiff of the hazardous condition created by the electrical cord, metal strip and mats in its doorway;
    c.    Allowed and/or caused a hazardous condition to exist in the doorway of its premises;
    d.    Allowed and/or caused a hazardous condition to exist in the doorway of its premises, in that it placed an electrical cord, a metal strip and mats in its doorway;
    e.    Failed to remove said electrical cord, metal strip and mats from its doorway when it knew or should have known that its presence created a hazard to those walking in the doorway;
    f.    Failed to properly inspect its premises to detect the presence of the hazard caused by said electrical cord, metal strip and mats;
    g.    Failed to properly and timely alter said ramp when it knew or should have known said ramp was dangerous to patrons using its premises; and
    h.    Failed to take proper remedial measures despite actual knowledge of the hazardous condition in the doorway of its premises.

11.      As a direct and proximate result of one or more of the aforesaid negligent acts and/or

omissions of the Defendant, DOLLAR TREE STORES, INC., d/b/a FAMILY DOLLAR STORES,

INC., the Plaintiff, JACQUELINE ANDERSON, sustained injuries temporary and permanent

including, but not limited to, her neck and left shoulder; Plaintiff has been caused to endure great

pain and suffering and will be caused to endure great pain and suffering in the future; Plaintiff is at

increased risk of future injury; Plaintiff was and will be caused to lose her ability to engage in a

normal life; Plaintiff's injuries have required time off, resulting in lost wages, Plaintiff was and will

be required to expend large sums of money in the care and treatment of her injuries; Plaintiff was and will be caused to incur out-of-pocket expenses; and Plaintiff was and will be precluded from engaging in her normal affairs, activities and employment, all to her damage in a sum in excess of $50,000.00 (fifty thousand dollars).

WHEREFORE, the Plaintiff, JACQUELINE ANDERSON, prays judgment be entered in her favor and against the Defendant, DOLLAR TREE STORES, INC., d/b/a FAMILY DOLLAR STORES, INC., in a sum in excess of $50,000.00 (fifty thousand dollars), plus costs of suit.

### COUNT XIII.

NOW COMES the Plaintiff, JACQUELINE ANDERSON, by and through her attorneys, MacCloskeyKesler & Associates, LLP, and complaining of the Defendant, DOLLAR TREE STORES, INC., a domestic corporation, d/b/a FAMILY DOLLAR, states as follows:

1.      On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR TREE STORES, INC., was a duly licensed corporation existing pursuant to the laws of the State of Illinois.

2.      On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR TREE STORES, INC., was doing business as FAMILY DOLLAR.

3.      On or about February 3, 2014, the Defendant, DOLLAR TREE STORES, INC., d/b/a FAMILY DOLLAR, was doing business as a retail store open to the general public, out of premises located at 127 West Second Street, in the City of Byron, County of Ogle and State of Illinois.

4.      On or about February 3, 2014, and at all times pertinent, there existed on Defendant's premises an electrical cord covered by mats in the doorway.

5.      On or about February 3, 2014, the Defendant, DOLLAR TREE STORES, INC., d/b/a

32

FAMILY DOLLAR, had a duty to maintain its premises in a safe condition for those lawfully on the premises, including the Plaintiff.

6.      On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR TREE STORES, INC., d/b/a FAMILY DOLLAR, knew or should have known that said arrangement created an unreasonable risk of harm to those lawfully on the premises, including the Plaintiff.

7.      On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR TREE STORES, INC., d/b/a FAMILY DOLLAR, knew or should have known that those lawfully on the premises, including the Plaintiff, JACQUELINE ANDERSON, would fail to discover the existence of said condition and/or fail to protect themselves against it.

8.      On or about February 3, 2014, the Plaintiff, JACQUELINE ANDERSON, was lawfully on the premises of the Defendant.

9.      On or about February 3, 2014, the Plaintiff, JACQUELINE ANDERSON, slipped on a rug placed by Defendant in its doorway, causing her to fall and become severely injured.

10.     At the aforesaid time and place, the Defendant, DOLLAR TREE STORES, INC., d/b/a FAMILY DOLLAR, committed one or more of the following negligent acts and/or omissions:

a.      Failed to discover the hazardous condition in its doorway;
b.      Failed to warn the Plaintiff of the hazardous condition created by the electrical cord, metal strip and mats in its doorway;
c.      Allowed and/or caused a hazardous condition to exist in the doorway of its premises;
d.      Allowed and/or caused a hazardous condition to exist in the doorway of its premises, in that it placed an electrical cord, a metal strip and mats in its doorway;
e.      Failed to remove said electrical cord, metal strip and mats from its doorway when it knew or should have known that its presence created a hazard to those walking in the doorway;
f.      Failed to properly inspect its premises to detect the presence of the hazard caused by said electrical cord, metal strip and mats;
g.      Failed to properly and timely alter said ramp when it knew or should have

known said ramp was dangerous to patrons using its premises; and

h.  Failed to take proper remedial measures despite actual knowledge of the hazardous condition in the doorway of its premises.

11.  As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, DOLLAR TREE STORES, INC., d/b/a FAMILY DOLLAR, the Plaintiff, JACQUELINE ANDERSON, sustained injuries temporary and permanent including, but not limited to, her neck and left shoulder; Plaintiff has been caused to endure great pain and suffering and will be caused to endure great pain and suffering in the future; Plaintiff is at increased risk of future injury; Plaintiff was and will be caused to lose her ability to engage in a normal life; Plaintiff's injuries have required time off, resulting in lost wages, Plaintiff was and will be required to expend large sums of money in the care and treatment of her injuries; Plaintiff was and will be caused to incur out-of-pocket expenses; and Plaintiff was and will be precluded from engaging in her normal affairs, activities and employment, all to her damage in a sum in excess of $50,000.00 (fifty thousand dollars).

WHEREFORE, the Plaintiff, JACQUELINE ANDERSON, prays judgment be entered in her favor and against the Defendant, DOLLAR TREE STORES, INC., d/b/a FAMILY DOLLAR, in a sum in excess of $50,000.00 (fifty thousand dollars), plus costs of suit.

## COUNT XIV.

NOW COMES the Plaintiff, JACQUELINE ANDERSON, by and through her attorneys, MacCloskeyKesler & Associates, LLP, and complaining of the Defendant, DOLLAR TREE STORES, INC., a domestic corporation, d/b/a FAMILY DOLLAR STORES, states as follows:

1.  On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR TREE STORES, INC., was a duly licensed corporation existing pursuant to the laws of the State of

Illinois.

2.       On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR

TREE STORES, INC., was doing business as FAMILY DOLLAR STORES.

3.       On or about February 3, 2014, the Defendant, DOLLAR TREE STORES, INC., d/b/a

FAMILY DOLLAR STORES, was doing business as a retail store open to the general public, out

of premises located at 127 West Second Street, in the City of Byron, County of Ogle and State of

Illinois.

4.       On or about February 3, 2014, and at all times pertinent, there existed on Defendant's

premises an electrical cord covered by mats in the doorway.

5.       On or about February 3, 2014, the Defendant, DOLLAR TREE STORES, INC., d/b/a

FAMILY DOLLAR STORES, had a duty to maintain its premises in a safe condition for those

lawfully on the premises, including the Plaintiff.

6.       On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR

TREE STORES, INC., d/b/a FAMILY DOLLAR STORES, knew or should have known that said

arrangement created an unreasonable risk of harm to those lawfully on the premises, including the

Plaintiff.

7.       On or about February 3, 2014, and at all times pertinent, the Defendant, DOLLAR

TREE STORES, INC., d/b/a FAMILY DOLLAR STORES, knew or should have known that those

lawfully on the premises, including the Plaintiff, JACQUELINE ANDERSON, would fail to

discover the existence of said condition and/or fail to protect themselves against it.

8.       On or about February 3, 2014, the Plaintiff, JACQUELINE ANDERSON, was

lawfully on the premises of the Defendant.

9.    On or about February 3, 2014, the Plaintiff, JACQUELINE ANDERSON, slipped on a rug placed by Defendant in its doorway, causing her to fall and become severely injured.

10.    At the aforesaid time and place, the Defendant, DOLLAR TREE STORES, INC., d/b/a FAMILY DOLLAR STORES, committed one or more of the following negligent acts and/or omissions:

    a.    Failed to discover the hazardous condition in its doorway;

    b.    Failed to warn the Plaintiff of the hazardous condition created by the electrical cord, metal strip and mats in its doorway;

    c.    Allowed and/or caused a hazardous condition to exist in the doorway of its premises;

    d.    Allowed and/or caused a hazardous condition to exist in the doorway of its premises, in that it placed an electrical cord, a metal strip and mats in its doorway;

    e.    Failed to remove said electrical cord, metal strip and mats from its doorway when it knew or should have known that its presence created a hazard to those walking in the doorway;

    f.    Failed to properly inspect its premises to detect the presence of the hazard caused by said electrical cord, metal strip and mats;

    g.    Failed to properly and timely alter said ramp when it knew or should have known said ramp was dangerous to patrons using its premises; and

    h.    Failed to take proper remedial measures despite actual knowledge of the hazardous condition in the doorway of its premises.

11.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, DOLLAR TREE STORES, INC., d/b/a FAMILY DOLLAR STORES, the Plaintiff, JACQUELINE ANDERSON, sustained injuries temporary and permanent including, but not limited to, her neck and left shoulder; Plaintiff has been caused to endure great pain and suffering and will be caused to endure great pain and suffering in the future; Plaintiff is at increased risk of future injury; Plaintiff was and will be caused to lose her ability to engage in a normal life; Plaintiff's injuries have required time off, resulting in lost wages, Plaintiff was and will be required to expend large sums of money in the care and treatment of her injuries; Plaintiff was and will be

caused to incur out-of-pocket expenses; and Plaintiff was and will be precluded from engaging in her normal affairs, activities and employment, all to her damage in a sum in excess of $50,000.00 (fifty thousand dollars).

WHEREFORE, the Plaintiff, JACQUELINE ANDERSON, prays judgment be entered in her favor and against the Defendant, DOLLAR TREE STORES, INC., d/b/a FAMILY DOLLAR STORES, in a sum in excess of $50,000.00 (fifty thousand dollars), plus costs of suit.

### COUNT XV.

NOW COMES the Plaintiff, JACQUELINE ANDERSON, by and through her attorneys, MacCloskeyKesler & Associates, LLP, and complaining of the Defendant, APEX FD, LLC., a domestic corporation, states as follows:

1.     On or about February 3, 2014, and at all times pertinent, the Defendant, APEX FD, LLC., was a duly licensed corporation existing pursuant to the laws of the State of Illinois.

2.     On or about February 3, 2014, the Defendant, APEX FD, LLC., owned or operated premises located at 127 West Second Street, in the City of Byron, County of Ogle and State of Illinois.

3.     On or about February 3, 2014, and at all times pertinent, there existed on Defendant's premises an electrical cord covered by mats in the doorway.

4.     On or about February 3, 2014, the Defendant, APEX FD, LLC., had a duty to maintain its premises in a safe condition for those lawfully on the premises, including the Plaintiff.

5.     On or about February 3, 2014, and at all times pertinent, the Defendant, APEX FD, LLC., knew or should have known that said arrangement created an unreasonable risk of harm to those lawfully on the premises, including the Plaintiff.

6.     On or about February 3, 2014, and at all times pertinent, the Defendant, APEX FD, LLC., knew or should have known that those lawfully on the premises, including the Plaintiff, JACQUELINE ANDERSON, would fail to discover the existence of said condition and/or fail to protect themselves against it.

7.     On or about February 3, 2014, the Plaintiff, JACQUELINE ANDERSON, was lawfully on the premises of the Defendant.

8.     On or about February 3, 2014, the Plaintiff, JACQUELINE ANDERSON, slipped on a rug placed by Defendant in its doorway, causing her to fall and become severely injured.

9.     At the aforesaid time and place, the Defendant, APEX FD, LLC., committed one or more of the following negligent acts and/or omissions:

   a.     Failed to discover the hazardous condition in its doorway;
   b.     Failed to warn the Plaintiff of the hazardous condition created by the electrical cord, metal strip and mats in its doorway;
   c.     Allowed and/or caused a hazardous condition to exist in the doorway of its premises;
   d.     Allowed and/or caused a hazardous condition to exist in the doorway of its premises, in that it placed an electrical cord, a metal strip and mats in its doorway;
   e.     Failed to remove said electrical cord, metal strip and mats from its doorway when it knew or should have known that its presence created a hazard to those walking in the doorway;
   f.     Failed to properly inspect its premises to detect the presence of the hazard caused by said electrical cord, metal strip and mats;
   g.     Failed to properly and timely alter said ramp when it knew or should have known said ramp was dangerous to patrons using its premises; and
   h.     Failed to take proper remedial measures despite actual knowledge of the hazardous condition in the doorway of its premises.

10.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, APEX FD, LLC., the Plaintiff, JACQUELINE ANDERSON, sustained injuries temporary and permanent including, but not limited to, her neck and left shoulder; Plaintiff

has been caused to endure great pain and suffering and will be caused to endure great pain and suffering in the future; Plaintiff is at increased risk of future injury; Plaintiff was and will be caused to lose her ability to engage in a normal life; Plaintiff's injuries have required time off, resulting in lost wages, Plaintiff was and will be required to expend large sums of money in the care and treatment of her injuries; Plaintiff was and will be caused to incur out-of-pocket expenses; and Plaintiff was and will be precluded from engaging in her normal affairs, activities and employment, all to her damage in a sum in excess of $50,000.00 (fifty thousand dollars).

WHEREFORE, the Plaintiff, JACQUELINE ANDERSON, prays judgment be entered in her favor and against the Defendant, APEX FD, LLC., in a sum in excess of $50,000.00 (fifty thousand dollars), plus costs of suit.

JACQUELINE ANDERSON, Plaintiff

By: D. Phillip Kesler

D. Phillip Kesler, 6283233
MacCloskeyKesler & Associates, LLP
308 West State Street
Rockford IL 61101
(815) 965-2000
phil@rockfordinjurylawyer.com
Attorney for Plaintiff

39

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
OGLE COUNTY

JACQUELINE ANDERSON,                        )
                                            )
              Plaintiff,                    )        No. 2016 L
                                            )
        vs.                                 )
                                            )
FAMILY DOLLAR, INC., *et al.*,              )
                                            )
              Defendants.                   )

## SUMMONS

To each defendant: **FAMILY DOLLAR, INC.; FAMILY DOLLAR STORES, INC.; FAMILY DOLLAR; FAMILY DOLLAR STORES; DOLLAR TREE, INC.; DOLLAR TREE STORES, INC.; DOLLAR TREE, INC.; DOLLAR TREE STORES, INC.,** c/o C T Corporation System, 208 S. LaSalle St., Chicago IL 60604

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance, in the office of the clerk of this court, OGLE COUNTY COURTHOUSE, FOURTH AND WASHINGTON, OREGON, ILLINOIS, within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other persons to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, January 5th, 2016.

_Kimberly A. Stahl_
Clerk of the Circuit Court

By: _Tamray E. Birke_
Deputy

D. Phillip Kesler, 628233
Attorney for Plaintiff
308 West State Street
Rockford IL 61101
(815) 965-2000

**3738 South Duggan Road**
**Beloit, WI 53511**
Phone                    (608) 361–1520
Fax                       (608) 313–0870
shawn@markleyinvestigations.com



**MARKLEY**
Investigations
i n c o r p o r a t e d

**515 N. Court St., Suite 101**
**Rockford, IL 61103**
Phone                    (815) 316–1141
Fax                       (815) 962–6001
www.markleyinvestigations.com

## AFFIDAVIT

Ogle County

STATE OF Illinois

Jacqueline Anderson
vs
Family Dollar, Inc., et al.
Case no: 2016L1

On Wednesday January 6, 2016 at 3:05 PM I served the within described Summons and Complaint in the manner described below:

I served the within Summons and Complaint upon the within named Family Dollar, Inc. by giving a true copy to Mindy Borgmann, Assistant Manager. Said service was affected at 127 West Second Street, Byron, IL 61010.

I, Michael McDaniel, swear that I am an adult over the age of 18 years and a licensed Private Investigator. I am a resident of either Wisconsin or Illinois.

201601193477I8

Fee for Service: $93.00

Subscribed and Sworn to before me

this _7th_ day of _January_, _2016_

_Cindi R Weaver_

My commission Expires: _8-2-19_

_Michael McDaniel_, Process Server
WI Agency License# 15990–062
IL Agency License# 117–001345

Job # 50521                           Client #                           Page 1 of 1

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
OGLE COUNTY

| | | |
|---|---|---|
| JACQUELINE ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2016 L |
| | ) | |
| vs. | ) | |
| | ) | |
| FAMILY DOLLAR, INC., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## SUMMONS

To each defendant:    APEX FD, LLC, c/o Steve Bryant, 515 Fifth Avenue, Rochelle IL 61068

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance, in the office of the clerk of this court, OGLE COUNTY COURTHOUSE, FOURTH AND WASHINGTON, OREGON, ILLINOIS, within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other persons to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS _January 5th_ ,2016.

(Seal of court)

_Kimberly A. Hall_
Clerk of the Circuit Court

By: _Tammy E. Blickle_
Deputy

D. Phillip Kesler, 628233
Attorney for Plaintiff
308 West State Street
Rockford IL 61101
(815) 965-2000

**3738 South Duggan Road**
**Beloit, WI 53511**
Phone       (608) 361–1520
Fax         (608) 313–0870
shawn@markleyinvestigations.com



**MARKLEY**
**Investigations**
i n c o r p o r a t e d

**515 N. Court St., Suite 101**
**Rockford, IL 61103**
Phone       (815) 316–1141
Fax         (815) 962–6001
www.markleyinvestigations.com

## AFFIDAVIT

Ogle County

STATE OF Illinois

Jacqueline Anderson
vs
Family Dollar, Inc., et al.
Case no: 2016L1

On Wednesday January 6, 2016 at 1:25 PM I served the within described Summons and Complaint in the manner described below:

I served the within Summons and Complaint upon the within named Apex FD, LLC c/o Steve Bryant by giving a true copy to Steve Bryant. Said service was affected at 515 Fifth Avenue, Rochelle, IL 61068.

I, Michael McDaniel, swear that I am an adult over the age of 18 years and a licensed Private Investigator. I am a resident of either Wisconsin or Illinois.

Fee for Service: $93.00

Subscribed and Sworn to before me

this _7th_ day of _January_, _2016_

_Cindi R Weaver_

My commission Expires: _8-2-19_

Michael McDaniel, Process Server
WI Agency License# 15990–062
IL Agency License# 117–001345

Job # 50522                           Client #                        Page 1 of 1